Filed 12/24/24  In re B.M. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re B.M., <br><br> a Person Coming Under the Juvenile Court Law. | B335649 <br><br> (Los Angeles County Super. Ct. No. 23CCJP03999) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br>      Plaintiff, <br><br>      v. <br><br> SANDRA B., <br><br>      Defendant and Appellant; <br><br> B.M., <br><br>      Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen C. Marpet, Judge Pro Tempore. Affirmed.

Gina Zaragoza, under appointment by the Court of Appeal, for Defendant and Appellant.

Janell B. Price, under appointment by the Court of Appeal, for Respondent.

_____

Sandra B. (Mother) was deported from the United States when her son B.M. (born 2009) was only a few years old. B.M., who was born in the United States, remained here and currently resides in Los Angeles with his father Juan M. (Father). Mother now lives in El Salvador and cannot presently re-enter the United States. In 2024, the juvenile court asserted jurisdiction over B.M. based on Father's physical abuse of the minor during a November 19, 2023 incident. Mother, who is nonoffending, does not contest the juvenile court's assertion of jurisdiction or its placement of B.M. with Father. She has appealed the court's order that family members monitor her virtual visits with B.M.

The Los Angeles County Department of Children and Family Services (DCFS) has not filed a brief, asserting that it is not a proper respondent. B.M., however, has responded. He argues a subsequent visitation order issued while this appeal was pending (which continues to include monitoring) has mooted Mother's appeal. To the extent Mother's appeal is not moot, B.M. contends the juvenile court did not abuse its discretion in requiring that family members monitor his visits with Mother given his lack of any meaningful relationship with her and resistance to any visitation with her.

2

We affirm.  Mother's appeal is not moot, and the juvenile court did not abuse its discretion in ordering certain maternal family members be present for Mother's visits with B.M.

**FACTUAL AND PROCEDURAL BACKGROUND**

Because this appeal concerns only the order for monitored visitation, we limit our factual and procedural summary accordingly.

B.M. lives with Father, maternal great aunt, and maternal great uncle.  On November 19, 2023, DCFS received a referral alleging B.M. had suffered physical abuse.  B.M. reported to investigators that he and Father got into a verbal argument which escalated into a physical confrontation.  B.M. initially stated he had no contact with Mother after she was deported to El Salvador 12 to 13 years ago; he later stated he had weekly phone contact with Mother.  Father said Mother was deported in 2011.  Father initially claimed he was not in contact with Mother; he later stated Mother would call the home to speak with B.M. but the child did not like to talk much on the phone with Mother.

DCFS contacted Mother, who stated she was deported in 2012 or 2013 and had no intention to return to the United States as she was legally barred from doing so and would continue to be so barred for years into the future.  She stated she had telephone contact with B.M. but that when they spoke, he was "very short" with her.

On November 22, 2023, DCFS filed a petition pursuant to Welfare and Institutions Code[1] section 300 alleging among other things that Father physically abused B.M. on November 19, 2023.

On March 6, 2024, the juvenile court held a combined adjudication and disposition hearing.  The court sustained the allegations related to physical abuse.  As to disposition, B.M. and his counsel requested the court not remove B.M. from Father's care given Father's contrition and his efforts to address the issues that led to the juvenile court's involvement.  Minor's counsel further argued that if the court was inclined toward removal "it would be detrimental for [B.M.] to be released to his mother" because B.M was born in the United States, "does not currently have a relationship with his mother," "doesn't have personal ties to El Salvador," and "does not wish to go to another country."  Father joined in B.M.'s argument regarding disposition.  Mother requested that the court return B.M. to both parents, and order Father to obtain a passport for B.M. so he could come to El Salvador; alternatively, she requested the court set visitation times with B.M. for Mother.

The court ordered B.M. returned to the home of Father under DCFS supervision.  The court ordered Mother to have phone calls with B.M. monitored by maternal great aunt and/or uncle.  Given evidence of tensions between Mother and Father, it also ordered the parents not to disparage one another to the minor.  When asked by Mother's counsel for its reasoning in ordering a monitor, the court stated having a monitor present was appropriate because of B.M.'s lack of contact with Mother.

---

[1] Unspecified statutory references are to the Welfare and Institutions Code.

After the court granted Mother visitation, B.M's counsel stated B.M. was not currently interested in contact with Mother. The court declined to change its order granting Mother visitation.

After Mother appealed from the March 6, 2024 order for monitored visitation, the juvenile court held a section 364 review hearing on September 4, 2024.[2] The court found Mother was not in compliance with her case plan. Noting that B.M. asserted Mother had his phone number but did not call him, the court ordered DCFS to assist in setting up a schedule for calls between B.M. and Mother and reiterated the requirement of having a monitor present for such calls. Mother has filed a separate appeal related to this September 4, 2024 order (No. B340940), which has not yet proceeded to briefing.

## DISCUSSION

### A. Mother's Appeal is Not Moot

B.M. contends the juvenile court's September 4, 2024 visitation order has mooted this appeal, and we should address Mother's challenge to the monitoring requirement in her separate appeal of the now-governing September 4, 2024 visitation order. B.M. argues we can afford Mother no relief as to the March 6, 2024 order at issue in this appeal because that order no longer has any force or effect, such that the reversal Mother seeks will have no effect on her visitation rights.

We disagree that this appeal is moot. "[A] case is not moot where a court can provide the [appellant] with ' "effect[ive] relief." ' [Citation.] In [the dependency] context, relief is effective

---

[2] We grant B.M.'s request for judicial notice of the juvenile court's minute order from the September 4, 2024 hearing. (Cal. Rules of Court, rule 8.252(a).)

5

when it 'can have a practical, tangible impact on the parties' conduct or legal status.' [Citation.]" (*In re D.P.* (2023) 14 Cal.5th 266, 277.)  Orders that continue to impact a parent's rights by restricting visitation remain subject to challenge and are therefore not moot.  (*Id.* at pp. 277-278.)  Here, a reversal of the court's March 6, 2024 order requiring a monitor would call into question the validity of the subsequent September 4, 2024 visitation order maintaining that monitoring requirement. Accordingly, Mother's appeal is not moot as she alleges ongoing harm as to which the outcome of this appeal can tangibly impact. (*Id.* at p. 276.)

**B.  The Monitored Visitation Order Was Not an Abuse of Discretion**

1.  *Standard of Review*

To maintain ties between parent and child during a dependency proceeding, "[v]isitation shall be as frequent as possible, consistent with the well-being of the child."  (§ 362.1, subd. (a)(1)(A).)  However, "[n]o visitation order shall jeopardize the safety of the child."  (*Id*., subd. (a)(1)(B).)  "The power to regulate visits between dependent children and their parents rests with the juvenile court and its visitation orders will not be disturbed on appeal absent an abuse of discretion."  (*In re D.P.* (2020) 44 Cal.App.5th 1058, 1070.)  "A court abuses its discretion only when ' " 'the trial court has exceeded the limits of legal discretion by making an arbitrary, capricious, or patently absurd determination.' " ' [Citation.]"  (*In re Caden C.* (2021) 11 Cal.5th 614, 641.)

6

2.    *Analysis*

When ordering visitation, the juvenile court may " 'impose any . . . conditions or requirements to further define the right to visitation in light of the particular circumstances of the case before it.' " (*In re Shawna M.* (1993) 19 Cal.App.4th 1686, 1690, quoting *In re Jennifer G.* (1990) 221 Cal.App.3d 752, 757.)  Here, Mother had not seen B.M. (then 14 years old) in person for over a decade.  Whenever they had spoken by telephone, the discussion was halting; B.M. was uncomfortable and according to Mother "very short" with her.  Mother acknowledged to DCFS that B.M. "may feel that I abandoned him," although she denied that was in fact true.  At the disposition hearing, B.M. made clear he had no desire to speak to Mother.  Plus, among other things, Mother was seeking to force B.M. to come to El Salvador against his wishes— a position that did little to foster trust and communication between the two of them.

B.M. was estranged from Mother, and to him she was essentially a distant relative.  The juvenile court sought to balance providing visitation for Mother along with B.M.'s resistance to any such visitation.  It did so by ordering a maternal relative with whom B.M. lived and with whom he was comfortable be present to help facilitate the visits and assist in developing a connection between B.M. and Mother.  Given the tenuous and fragile nature of Mother's relationship with B.M., the juvenile court did not abuse its discretion in ordering a maternal relative also to be present to help foster Mother's visitation and hopefully make B.M. more willing to participate, thus rebuilding B.M.'s relationship with Mother.

## DISPOSITION

The March 6, 2024 order for monitored visitation is affirmed.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

ROTHSCHILD, P. J.

M. KIM, J.

8